AO 91 (Rev. 11/11) Criminal Complaint

SEALED

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN - 9 2018

CLERK, U.S. DISTRICT COURT
By _____
      Deputy

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| United States of America | ) |
| v. | ) |
| Samantha Shaye Swindell | ) Case No. 3:19-MJ-19-BN |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **August 30, 2018 - Dec 31, 2018** in the county of _____ in the **Northern** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 371 | Edwards conspired and agreed with others to commit the crime of access device fraud, in violation of Title 18, United States Code, § 1029(a)(3). |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jason Boswell, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/9/19

City and state: Dallas, TX

_____
*Judge's signature*

David L. Horan, U.S. Magistrate Judge
*Printed name and title*

Case 3:19-mj-00019-BN   Document 1   Filed 01/09/19   Page 2 of 10   PageID 2

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Jason Boswell, being duly sworn, hereby depose and state as follows:

1. I am a Senior Special Agent with the United States Secret Service. I am assigned currently to the Dallas Field Office, and I serve on a criminal investigative squad responsible for conducting investigations of complex financial crimes, including wire fraud, mail fraud, bank fraud, money laundering, and identity theft. I have been employed as a Special Agent for 16 years, and have been assigned to this squad for approximately 3 years. Prior to this assignment, I conducted counterfeit currency investigations in the Dallas Field Office. I have received training in such areas as financial analysis, financial investigative methods and applications, as well as identity theft and fraud. I am an investigator and law enforcement officer of the United States within the meaning of 18 U.S.C. § 3056, and I am an officer of the United States empowered to conduct investigations of, and make arrests for, numerous federal violations, including offenses enumerated in Title 18 of the United States Code.

2. I submit this affidavit in support of a criminal complaint and application for an arrest warrant charging Samantha Swindell with a violation of 18 U.S.C. § 371. Based on the facts set forth below, there is probable cause to believe that from on or about August 30, 2018, through on or about December 31, 2018, Swindell did unlawfully, knowingly, and willfully combine, conspire, and agree with one or more persons to knowingly and with intent to defraud possess fifteen (15) or more

Affidavit – Page 1

devices which are counterfeit and unauthorized access devices, affecting interstate or foreign commerce, in violation of Title 18, United States Code, § 1029(a)(3).

3. This affidavit is based on my personal knowledge, and on information provided to me by other law enforcement officers who participated in this investigation. Since this affidavit is being submitted for the limited purpose of supporting a criminal complaint, I have not included each and every fact known to me concerning this investigation.

## FACTS ESTABLISHING PROBABLE CAUSE

4. In August 2018, the Dallas Field Office of the USSS was contacted by the Colleyville (TX) Police Department and began to assist in investigating an access device fraud scheme victimizing a number of individuals whose credit and/or debit card numbers were utilized in attempts to fraudulently obtain things of value (e.g., hotel rooms and food).

5. On or about August 22, 2018, Colleyville, Texas Police Department received a telephone call from the Hampton Inn located at 5300 State Highway 121 in Colleyville, Texas, which is in Tarrant County and the Northern District of Texas. Upon arrival, police officers learned from Witness C.G., a hotel employee, that an individual had checked into the hotel using a Texas Driver's License in the name of "Odis Edwards" and that a credit card had been placed on file for the room. Throughout the evening, it was learned that multiple people had purchased numerous food items and placed them on the room account in the name of "Odis

Edwards." Witness C.G. confronted some of the individuals regarding the credit card charges. The individuals left the hotel and did not claim their property that was still in the hotel rooms. Witness C.G. entered the hotel room rented out in the name of "Odis Edwards" and found a backpack, a small Dremel tool, and a Mikita saw, among other things. The backpack contained assorted credit cards—some of which had been altered—and a number of handwritten numbers in a notebook that appeared to be credit and/or debit card numbers. The handwritten numbers in the notebook and the assorted credit cards numbered over fifteen. The notebook identified a website called "darkcoding.net/credit card," and contained a copy of a Texas Driver's License in the name of "Odis Edwards."

6. On or about August 30, 2018, investigators received a tip from the Holiday Inn, 725 Plaza Drive, Trophy Club, Texas, that Odis Edwards ("Edwards") was engaged in suspicious activity. The Holiday Inn communicated that Edwards had rented two rooms for two consecutive nights. The Holiday Inn manager communicated that he deemed the activity suspicious because of the number and volume of incidental purchases charged to the rooms. Investigator learned that Edwards was sharing a room and purchasing food with an unidentified white female, later identified as Kayla Klutts.

7. On or about August 31, 2018, investigators sought to obtain an arrest warrant for Odis Edwards as well as local search warrants for the Holiday Inn rooms rented in Edwards' name. While executing the search warrants,

investigators found Edwards and Klutts inside of room 226. During a search of room 226, investigators located and seized multiple items linked to credit card fraud to include cellular telephones, electronic tablets, and credit card numbers listed in multiple notebooks.

8. On or about September 1, 2018, investigators advised Edwards of his Miranda warnings. Edwards waived these rights and agreed to speak to investigators. Edwards admitted to making and using altered credit cards around the Dallas and Fort Worth areas. Edwards stated that he rented hotel rooms with the altered credit cards, and then rented them out to friends or others for one-half of the cost. Edwards stated that he allowed his friends and others to make charges to the hotel rooms. Edwards advised that he has made approximately $250,000.00 in fraudulent charges to credit cards since March or April of 2018. Edwards gave investigators verbal consent to search one of his cellular telephones located in room 226. Investigators observed Facebook messenger text messages between Edwards and others, including Samantha Swindell, concerning hotel rooms and credit card numbers.

9. On or about October 18, 2018, Odis Edwards was interviewed at the Colleyville Police Department by investigators subsequent to a federal arrest warrant, charging him with one (1) count 18 U.S.C. 1029 (a)(3). Odis Edwards was read his Miranda rights and voluntarily waived his right to counsel and his right to remain silent and agreed to speak with law enforcement officers. Edwards

stated that he had provided Swindell one (1) credit card number and in return, Swindell sent him numerous credit card Bank Identification Numbers ("BINs"). Edwards has not had a chance to use the BINs, he just wrote them in a notebook.

10. On or about October 18, 2018, Odis Edwards provided investigators with a written consent to search his cellular telephone. Investigators found Facebook messages between Odis Edwards and Samantha Swindell in which they are exchanging credit card numbers.

11. On or about December 18, 2018, investigators learned that Samantha Swindell had been arrested by the Tarrant County Sheriff's Office for an outstanding Southlake (TX) Police Department arrest warrant. Investigators responded and interviewed Samantha Swindell concerning the use and possession of counterfeit or unauthorized credit cards in connection with this investigation. Samantha Swindell was read her Miranda rights and voluntarily waived her right to counsel and her right to remain silent and agreed to speak with law enforcement officers. Swindell admitted to providing the BINs to Odis Edwards because he had a system that he used to generate credit card numbers. Edwards would then provide her with credit card numbers so that she could use them to book hotels and make charges to the rooms.

12. Swindell continued to state that she has received at least twenty (20) full credit card numbers from Edwards and that she was also aware that Edwards provided hotel rooms for people. Swindell stated that she has previously stayed in

Affidavit – Page 5

hotel rooms provided by Edwards on at least twenty-one (21) separate occasions since the summer of 2018. Swindell advised that she inquired with Edwards on how he was booking the hotel rooms. According to Swindell, Edwards explained his operation on how he generated credit card numbers.

13. Samantha Swindell experienced difficulty in generating credit cards based on Odis Edwards' method. Swindell did some research and learned how to generate credit cards from online credit card generating websites, which allowed her to (1) input credit card BINs she had already obtained or (2) generate/select new numbers from pre-loaded BINs. Swindell stated that she would then select the amount of card numbers she wanted the website to return. According to Swindell, she always selected "100" for the amount of card numbers to be returned. Swindell would then identify the bank and issuing card company and call in each card number to see if it was valid.

14. Swindell continued to state that out of every iteration of 100 credit card numbers that were returned, she believed that only 7-10 percent would be valid. Swindell called and verified until at least six (6) numbers were valid before moving to the next 100 iteration. Swindell admitted that from the beginning of the summer of 2018, she utilized the credit card generator websites to obtain at least 10,000 credit card numbers. Samantha Swindell stated that after receiving these numbers, she would write them down in various journals and notebooks. Samantha Swindell advised that she had studied everything she could on

generating credit card numbers and was so good at it she believed that she was actually teaching Odis Edwards.

15. When investigators asked Samantha Swindell what she would do with the credit card numbers that she generated using the various websites, Samantha Swindell stated that she used them solely for hotel rooms and food websites that she identified as having "weak security systems" for identifying fraudulent cards. When asked to give an example of a website or point of sale, Samantha Swindell stated that she would book directly through a hotel website because when it came to the payment page, a card number was the only necessary item for payment and a name or CVV/CVC was never required. Samantha Swindell estimated that she had previously booked rooms at Hilton at least 10 times and estimated the fraudulent activity on numerous credit cards to be approximately $100,000.00 since the summer of 2018. Swindell admitted that she used these unauthorized credit cards in Dallas and Fort Worth, Texas.

16. Swindell then provided investigators written consent to search her cellular telephone. During this time investigators allowed her to demonstrate the card generator method, which she utilized to produce credit card numbers. While Swindell was demonstrating her method, investigators were able to observe that Swindell had multiple credit card generator websites saved to her "favorites" and "history" on her cellular telephone's Google Chrome browser. Additionally, Swindell advised that she utilized her personal cellular telephone to conduct all of

her research and fraudulent work because it was "easy" and did not require a computer or any kind of advanced electronic device.

17. Swindell was asked by investigators if she had any "issues" with using other people's credit card information. Swindell responded that she liked the number generator method because it was "fake money" to her, and that it was usually not an account that a bank had assigned to a person. Swindell continued that there were times that she did come across credit card information that she knew belonged to a person, but she did not mind using it if it was valid and worked for purchases.

18. On or about December 27, 2018, investigators responded to the Marriott Solana Hotel in Southlake, Texas, based on a report of suspicious activity. Investigators interviewed S.M. S.M. stated that she had personal knowledge of the unauthorized use and possession of the access devices by Swindell and others. S.M. explained that Swindell and others used a specific residence in Keller, Tarrant County, Texas, to manufacture the unauthorized and counterfeit credit cards.

## CONCLUSION

Based on the forgoing facts and circumstances, there is probable cause to believe that there is probable cause to believe that from on or about August 30, 2018, through on or about December 31, 2018, Swindell did unlawfully, knowingly, and willfully combine, conspire, and agree with one or more persons, in violation of Title 18 U.S.C. § 371, to

knowingly and with intent to defraud possess fifteen (15) or more devices which are counterfeit and unauthorized access devices, affecting interstate or foreign commerce, in violation of Title 18, United States Code, § 1029(a)(3).

_____
JASON BOSWELL
Special Agent, USSS
Dallas, Texas

Sworn to and subscribed to before me this 9th day of January, 2019.

_____
DAVID L. HORAN
United States Magistrate Judge
Northern District of Texas